Jeffrey L. SCOTT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 35830.

Missouri Court of Appeals,
Western District.

March 12, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied April 30, 1985.

Application to Transfer Denied June 25, 1985.

James W. Fletcher and Kent Gipson, Kansas City, for appellant.

John Ashcroft and John M. Morris, Jefferson City, for respondent.

Before CLARK, P.J., TURNAGE, C.J., and KENNEDY, J.

KENNEDY, Judge.

Movant appeals from the trial court's denial of his Rule 27.26 motion for relief from his conviction of capital murder, § 565.001, RSMo 1978, and his sentence of life imprisonment without parole for 50 years. The appeal of his conviction was decided by this court in 1983, and appears at 651 S.W.2d 199 (Mo.App.1983).

We affirm the judgment of the trial court denying the Rule 27.26 motion.

█ One of the two grounds advanced by movant for the requested relief is the alleged ineffectiveness of counsel in counsel's failure to object to the trial court's sustaining the state's challenge for cause to jury panel members who would be unable to assess the death penalty in any case.[1] It is to be borne in mind that this is an ineffective assistance of counsel claim under the Sixth Amendment, and not an impartial jury claim under the same amendment.

The prosecutor challenged the veniremen for cause and the court sustained the challenges. Defense counsel did not object.[2] Defendant now says this excused from the panel those who, because of their inflexible opposition to the death penalty, and their refusal to consider it, would have been less inclined to convict. This he concludes from the premise that death-qualified jurors are more "conviction prone". (Thus, according

---

1. Mixed in with defendant's claim of counsel ineffectiveness for failure to object to the exclusion of death-disqualified veniremen from the jury panel is a claim (appearing in the argument portion of the brief, but not in the "Point Relied On") that defense counsel was ineffective in failing to object to the exclusion of Venireman Williams because, defendant says, Venireman Williams was not in fact death disqualified. Defendant says that Williams, although he was morally opposed to the death penalty, could yet follow the law and the court's instructions on that subject. The record does not support defendant's allegations. Venireman Williams was clearly and unequivocally death disqualified.

2. At the time the challenges were made after the voir dire had been completed, defense counsel did not object to the exclusions. Neither did he file any motion to quash the resultant panel from which the death penalty opponents had been excused. He had, however, before the commencement of the voir dire, moved in limine for a ruling prohibiting the prosecuting attorney from asking the death-qualifying questions of the jury panel. (A similar procedure was held in *State v. Mitchell, infra,* 611 S.W.2d at 228 not to preserve for review the exclusion of death-disqualified jurors, although the point was reviewed for plain error.) This motion was fully argued, upon which defense counsel had presented the arguments which are now presented as grounds for Rule 27.26 relief. The court had denied defense counsel's motion, with a statement of his reasons therefor. The trial court's understanding of the law on the subject was as stated in *Mitchell, infra.* It was perfectly apparent that any objection to the exclusion for cause of the death penalty opponents, and any motion to quash the panel, would have been futile.

to this argument, the fact that defendant did not actually receive the death penalty does not render the question moot or render the supposed error prejudice-free.)

Defendant goes ahead to say that the exclusion of jurors holding this view of the death penalty—representing according to some studies from 11 percent to 17 percent of those eligible for jury service, see *Grigsby v. Mabry*, 569 F.Supp. 1273, 1285 (E.D. Ark.1983), *aff'd and modified*, 758 F.2d 226 (8th Cir.1985) (banc)—deprives an accused of a jury panel made up of a cross-section of the population, in contravention of his Sixth Amendment rights. He cites *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), and *Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S.Ct. 692, 697, 42 L.Ed.2d 690 (1975), which condemned the systematic exclusion of women from jury panels.

Defendant acknowledges that both of his positions, i.e., that the exclusion of death penalty opponents (using that term to mean those disqualified under *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), and under Section 546.-130, RSMo 1978) from the jury panel makes for a conviction-prone jury, and secondly, that it excludes from the jury a "distinctive, sizable and coherent" group of the community, both in violation of his Sixth Amendment rights as incorporated by the Fourteenth Amendment, have been expressly rejected by *State v. Battle*, 661 S.W.2d 487 (Mo.banc 1983), *cert. denied*, — U.S. —, 104 S.Ct. 2375, 80 L.Ed.2d 847 (1984); *State v. Blair*, 638 S.W.2d 739, 751–52 (Mo. banc 1982), *cert. denied*, 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1030 (1983); *State v. Mercer*, 618 S.W.2d 1, 6–8 (Mo. banc), *cert. denied*, 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981); *State v. Mitchell*, 611 S.W.2d 223, 229–30 (Mo. banc 1981). Defendant asks, however, that we reconsider the issue in the light of *Grigsby v. Mabry*, 569 F.Supp. 1273, 1276 (E.D.Ark. 1983), which adopted the position for which defendant contends in the present case. That decision since the parties' briefs were filed has been affirmed on appeal by the United States Court of Appeals for the Eighth Circuit in *Grigsby v. Mabry*, 758 F.2d 226 (8th Cir.1985) (banc).

Whatever may ultimately be decided about whether the exclusion of death penalty opponents from the guilt-innocence phase of a trial violates a defendant's Sixth Amendment rights, that is not really the question we have before us. The question we have here is the alleged *ineffectiveness of counsel* in failing to object to the trial judge's exclusion for cause of the death-disqualified veniremen. We hold that counsel was not ineffective because of this.

At the time of this trial (beginning February 22, 1982) *State v. Mitchell, supra*, was the law of this state. As the most recent decision of the Supreme Court of Missouri it was binding upon all inferior courts. Mo. Const. art. V § 2. Counsel is not held to a standard of prescience. He is held to the "care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances". *Seales v. State*, 580 S.W.2d 733, 735–37 (Mo. banc 1979). He cannot be held not to have measured up to these standards by his failure to object to the exclusion of the death-disqualified veniremen.

We so held with respect to defense counsel's failure to move to quash jury panels from which women were systematically excluded, during the time after a decision of the Supreme Court of Missouri, *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977) had approved the Jackson County system, and before the decision in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), which condemned the system as in violation of a defendant's Sixth Amendment rights. *Benson v. State*, 611 S.W.2d 538, 544–46 (Mo.App.1980); *Merritt v. State*, 635 S.W.2d 27 (Mo.App.1982).

■ Defendant next says that the trial court had no jurisdiction to convict him of capital murder under section 565.001. This he bases upon the fact that he was 16 years old when the crime was committed. He was "charged" in the Juvenile Court of Jackson County as a juvenile under Section 211.031(3) in that he allegedly had "violated

a state law". The state law which he was alleged to have violated was Section 565.-003, RSMo 1978, the first-degree murder statute.

When, however, the juvenile court waives jurisdiction over a youth to allow prosecution for a particular criminal act in accordance with said Section 211.031(3), it is then up to the prosecutor to select the charge to be lodged against the offender, which means to select the statute upon which to base the charge. The prosecutor is not limited to the charge which the juvenile officer chose to frame the allegation of juvenile court jurisdiction. The prosecutor was within his discretion to charge defendant with capital murder, even though the juvenile officer had based juvenile court jurisdiction upon a violation of the first-degree murder statute, § 565.003, RSMo 1978. It was the same act which formed the basis for both charges. This is the clear holding of *State v. Ford,* 487 S.W.2d 1, 5 (Mo.1972), and *Richardson v. State,* 555 S.W.2d 83, 86–87 (Mo.App.1977).

Judgment affirmed.

All concur.