STATE of Iowa, Appellee,

v.

Milton E. GARR, Jr., Appellant.

No. 89–1391.

Supreme Court of Iowa.

Sept. 19, 1990.

John A. Pabst of Clements, Blomgren, Pothoven, Pabst & Stravers, Albia, for appellant.

Thomas J. Miller, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., and Mark Kruse, County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

SCHULTZ, Justice.

Defendant Milton E. Garr, Jr., a juvenile, appeals his conviction in district court for first-degree theft. He is accused of the theft of a motor vehicle belonging to Karen Kauzlarich of Centerville. The vehicle, a 1986 Buick Park Avenue, was found on June 7, 1988, in a ravine approximately twenty miles south of Centerville in northern Missouri. It had been burned.

On June 2, 1988, Kauzlarich arrived at a business that she owned and managed. She parked her vehicle at the side of the building. About one-half hour later, her

son informed Kauzlarich that her vehicle was no longer parked at the side of the building. They reported the vehicle stolen and eventually defendant was arrested for the theft.

The State charged defendant with a delinquent offense of second-degree theft and requested the juvenile court to waive jurisdiction pursuant to Iowa Code section 232.-45 (1987), so that he could be tried as an adult. The juvenile referee found that there was probable cause to believe that the defendant had committed the theft and that "the best interests of the child and the community would be served by waiver of Juvenile Court jurisdiction for prosecution in Adult Criminal Court." The State filed a trial information charging the defendant with second-degree theft in violation of Iowa Code sections 714.1(1) and 714.2(2) (1987). Later, the State applied to amend the information to charge defendant with the crime of theft in the first degree.

Defendant resisted the State's application to amend, noting that the juvenile court had waived its jurisdiction based on a probable cause finding that defendant had committed second-degree, and not first-degree, theft. Following a hearing, the court granted the State's application to amend. A jury convicted defendant of first-degree theft after a three-day trial. Defendant's motion for a new trial and motion in arrest of judgment were overruled, and he was sentenced to serve a ten-year jail term.

On appeal defendant claims (1) there was insufficient evidence to support a conviction for the crime of theft in the first degree, and (2) the trial court did not have jurisdiction to try him on the charge of theft in the first degree. We disagree and affirm the trial court.

I. *Sufficiency of the evidence.* At the end of the State's case and again at the close of all the evidence, defendant unsuccessfully moved for a judgment of acquittal on the ground that there was insufficient evidence to convict him of theft of Kauzlarich's vehicle. On appeal defendant challenges these rulings.

■ To determine whether there is sufficient evidence to support a jury verdict, we view the evidence in the light most favorable to the State, "including all legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record." *State v. Blair*, 347 N.W.2d 416, 418–19 (Iowa 1984); *accord State v. LaPointe*, 418 N.W.2d 49, 51 (Iowa 1988). A jury verdict is binding upon an appellate court if it is supported by substantial evidence. *LaPointe*, 418 N.W.2d at 51; *Blair*, 347 N.W.2d at 419. Substantial evidence is evidence that could convince a rational factfinder that a defendant is guilty beyond a reasonable doubt. *LaPointe*, 418 N.W.2d at 51; *Blair*, 347 N.W.2d at 419. Direct and circumstantial evidence are equally probative. Iowa R.App.P. 14(f)(16); *State v. Boley*, 456 N.W.2d 674 (Iowa 1990).

Our statutes define the elements of theft. A person commits theft when he "[t]akes possession or control of the property of another … with the intent to deprive the other thereof." Iowa Code § 714.1(1) (1987). It is first-degree theft when the property taken exceeds $5000 in value. *Id.* § 714.2(1).

■ The evidence against defendant is primarily circumstantial; however, it supports the jury's verdict. Defendant and a companion were seen walking in the direction of where the vehicle was parked with the keys inside, around the time that the vehicle was taken. A few hours later defendant was seen driving the vehicle in the alley behind his house. When approached by a neighbor, he sped away. The next morning he and the companion were seen walking toward home from the direction where the vehicle was later found. The vehicle was eventually discovered in a secluded, out-of-the-way location, an area that defendant knew from prior fishing trips with his sister's in-laws. His sister's father-in-law testified that the car's location was at a place "you've got to know [is] there.... [I]t's not a public place."

An additional piece of evidence also supports the verdict. A friend of the defendant testified that a few months after the theft defendant told him that the Kauzla-

rich vehicle "was nice and ... run good." Kauzlarich testified that there was no other legitimate way that defendant could have known how her vehicle ran.

Defendant claims that many of the witnesses who testified for the State had changed their testimony during the course of this investigation. Members of a local family initially claimed that defendant and his companion had spent the night at their home, but they denied this story at trial. While defendant's friend admitted saying that he had stolen the Kauzlarich vehicle, he testified at trial that he had only said so to make himself look big. The neighbor's ability to identify the defendant as the car's driver in the alley behind his house also changed with time. The jury was well aware of the fact that these witnesses had changed their testimony during the course of the investigation because they were confronted with their prior inconsistent statements during the trial. These witnesses' trial testimony, however, was corroborated by other witnesses whose stories had not changed over time.

On the other hand, defendant's version of the events of June 2 and 3, 1988, directly contradicts the story told by every State witness. The jury is free to believe or disbelieve the testimony of the witnesses as it sees fit. *Blair*, 347 N.W.2d at 420. "The very function of the jury is to sort out the evidence presented and place credibility where it belongs." *Id.* A jury is not required to believe a defendant's account of the events in issue. *State v. Erving*, 346 N.W.2d 833, 835 (Iowa 1984); *see State v. Schrier*, 300 N.W.2d 305, 309 (Iowa 1981).

After reviewing all of the evidence in a light most favorable to the State, we believe that the jury could have found beyond a reasonable doubt that the defendant stole Kauzlarich's vehicle.

II. *Jurisdiction.* On appeal, defendant asserts that Iowa Code section 232.45(11)

(1987) prevents the trial court from exercising jurisdiction over him on the charge of first-degree theft. This section states that "[t]he waiver [of jurisdiction by the juvenile court] does not apply to other delinquent acts which are not alleged in the delinquency petition presented at the waiver hearing." Since the juvenile court only waived its jurisdiction on the second-degree theft charge, defendant claims that this is the only crime for which he can be prosecuted in district court.[1]

Our statutory framework provides defendant no aid in his claim. "Delinquent acts" are defined as public offenses. Iowa Code § 232.2(12)(a) (1987). Thus, section 232.45(11) restricts the use of waiver to other public offenses. A public offense "is that which is prohibited by statute and is punishable by fine or imprisonment." Iowa Code § .701.2 (1987).

In Iowa we have no common-law crime; the appropriate statute defines the public offense by a particular description of the act or acts constituting the offense. *State v. Wallace*, 259 Iowa 765, 772, 145 N.W.2d 615, 620 (1966). In the present case, Iowa Code section 714.1 defines theft and specifies the acts constituting the offense. On the other hand, the degree of the offense denotes a division or classification of one specific offense into grades. *Black's Law Dictionary* 512 (rev. 4th ed. 1968). Accordingly, Iowa Code section 714.2 classifies the degrees of the offense of theft by specifying the value or location of the stolen property without defining the crime. Consequently, we conclude that specifying the degrees of theft does not change theft into a different offense; it merely provides a system of categorizing degrees of theft in order to classify the crime for sentencing.

From juvenile court through trial in district court, defendant was only charged with one crime, theft. The degree of theft was a classification within that one

---

1. For the purpose of clarity, we shall speak to the use of the terms "juvenile court" and "district court." The juvenile court is within the district court and has the jurisdiction provided in chapter 232, which governs juvenile justice. Our state has a unified trial court, the "Iowa District Court." Iowa Code § 602.6101 (1987).

The district court has exclusive jurisdiction over several types of actions, including criminal and juvenile proceedings. *Id.* For convenience in this opinion we shall refer to the proceedings under chapter 232 as in juvenile court and the proceedings in criminal court as in district court.

offense; it was not a different offense which triggers the exception in section 232.45(11). We hold that the trial court had jurisdiction to try the case after the State's amendment increased the degree of theft from second to first degree.

Other jurisdictions have considered similar issues. The general rule appears to allow prosecution for any offense that is greater or lesser than the offense waived by the juvenile court without a further waiver hearing. *See Kinder v. State,* 515 So.2d 55, 69–71 (Ala.Crim.App.1986); *Johnson v. State,* 379 So.2d 704, 706 (Fla.Dist. Ct.App.1980) (per curiam); *People v. Hamilton,* 78 Ill.App.3d 1031, 1035–36, 34 Ill. Dec. 358, 361–62, 398 N.E.2d 33, 36–37 (1979); *Snodgrass v. State,* 273 Ind. 142, 145–46, 402 N.E.2d 1235, 1237–38 (1980); *Scott v. State,* 691 S.W.2d 291, 294 (Mo.Ct. App.1985); *Castro v. State,* 703 S.W.2d 804, 806 (Tex.Ct.App.1986); *State v. Johnson,* 121 Wis.2d 237, 251–52, 358 N.W.2d 824, 831 (Ct.App.1984). We believe that our holding is in accord with these cases.

III. *Summary.* We hold that the trial court correctly submitted the issue of theft to the jury because there was substantial evidence for all elements of theft. We further hold that the trial court had jurisdiction to increase the degree of the offense without a further waiver hearing by the juvenile court.

AFFIRMED.