**STATE of Iowa, Appellee,**

v.

**Deborah L. GRINDELE, Appellant.**

No. 97–0246.

Court of Appeals of Iowa.

Feb. 25, 1998.

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, Thomas S. Mullin, County Attorney, and Michael Bennett, Assistant County Attorney, for appellee.

HUITINK, Presiding Judge.

Grindele appeals from her convictions for robbery in the second degree, theft in the first-degree, and two counts of second-degree theft.[1] We .vacate Grindele's sentence and remand for resentencing.

### I. Background Facts and Proceedings.

Grindele was charged with these offenses based on Sara Meisel's allegations Grindele and an accomplice stole Meisel's purse containing $9000. The record indicates Grindele confronted Meisel with a cosmetic bag containing cash and bonds Grindele found in a parking lot. The two, along with Grindele's companion, agreed to cash the bonds with the help of a lawyer. Meisel was told the lawyer needed $15,000 cash from each of them to redeem the bonds. Meisel withdrew $9000 from her bank account and drove with Grindele and Grindele's companion to meet with the lawyer. When Meisel refused to give the money to Grindele's companion for delivery to the lawyer, there was an argument and Meisel announced her intent to keep her money. Grindele then grabbed Meisel's purse containing the $9000 and fled.

After Meisel identified Grindele in a lineup, Grindele was charged with second-degree robbery, first-degree theft, and two counts of

1. One second-degree count involved an unrelated offense which is not the subject of this appeal.

second-degree theft. Following a trial, Grindele was convicted on all counts.

The district court sentenced Grindele to indeterminate terms of ten years for robbery in the second degree, ten years for theft in the first degree, and five years for theft in the second degree. All of these sentences were made concurrent to each other. Grindele was also sentenced to a consecutive indeterminate five-year term for theft in the second degree involving another victim, making for one indeterminate sentence of fifteen years.

In this appeal, Grindele raises a Fifth Amendment double jeopardy challenge to her sentence arguing the district court imposed multiple punishments by sentencing her for both first-degree theft and second-degree theft based on her single act of theft from Meisel.

## II. Standard of Review.

We review constitutional issues de novo. *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994). To the extent Grindele alleges an illegal sentence was imposed, we review for errors at law. *Id.*

## III. Double Jeopardy.

The Fifth Amendment's double jeopardy clause provides no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This constitutional safeguard applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 716 (1969); *State v. Perez*, 563 N.W.2d 625, 627 (Iowa 1997). Double jeopardy protects against successive prosecutions after acquittal or conviction, and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969); *State v. Perez*, 563 N.W.2d at 627 (Iowa 1997).

[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). However, the *Blockburger* rule is not controlling where there is " 'a clear indication of contrary legislative intent.' " *State v. McKettrick*, 480 N.W.2d at 58 (quoting *Missouri v. Hunter*, 459 U.S. 359, 367, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535, 543 (1983); *Albernaz v. U.S.*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275, 282 (1981)). "[T]he question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *State v. Wissing*, 528 N.W.2d 561, 565 (Iowa 1995) (citation omitted); *see State v. McKettrick*, 480 N.W.2d at 57 ("the question of what punishments are constitutionally permissible is no different from the question of what punishments the legislature intended to be imposed").

In *State v. Garr*, 461 N.W.2d 171 (Iowa 1990), the supreme court said:

In Iowa we have no common-law crime; the appropriate statute defines the public offense by a particular description of the act or acts constituting the offense. *State v. Wallace*, 259 Iowa 765, 772, 145 N.W.2d 615, 620 (1966). In the present case, Iowa Code section 714.1 defines theft and specifies the acts constituting the offense. On the other hand, the degree of the offense denotes a division or classification of one specific offense into grades. *Black's Law Dictionary* 512 (rev. 4th ed. 1968). Accordingly, Iowa Code section 714.2 classifies the degrees of the offense of theft by specifying the value or location of the stolen property without defining the crime. Consequently, we conclude that specifying the degrees of theft does not change theft into a different offense; it merely provides a system of categorizing degrees of theft in order to classify the crime for sentencing.

*Id.* at 174.

Iowa Code section 714.2(1) defines first-degree theft as:

The theft of property exceeding ten thousand dollars in value, or the *theft of property from the person of another*, or from a building which has been destroyed or left unoccupied because of physical disaster,

riot, bombing, or the proximity of battle....

Iowa Code Section 714.2(2) defines second-degree theft as:

The *theft of property exceeding one thousand dollars but not exceeding ten thousand dollars in value* or theft of a motor vehicle as defined in chapter 321 not exceeding ten thousand dollars in value.

■ The State contends Grindele committed two distinct offenses, theft in the first degree by theft from the person and theft in the second degree by virtue of the value of the property stolen. We are unable to reconcile the State's argument that Iowa Code sections 714.2(1) and 714.2(2) constitute distinct offenses for purposes of applying the *Blockburger* test with the holding in *Garr.* The *Garr* court expressly distinguished the offense of theft defined in section 714.2(1) from the degrees of theft specified in section 714.2(2). Because Grindele's single act of theft violated only one statutorily defined offense, the district court's imposition of multiple sentences for first-degree and second-degree theft violated Grindele's Fifth Amendment double jeopardy protection.

The sentence imposed by the district court is accordingly vacated and this case is remanded for resentencing.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**