# IN THE COURT OF APPEALS OF IOWA

No. 16-1159
Filed August 16, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONATHAN LEYVA RODRIGUEZ,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Jonathan Rodriguez appeals his convictions and sentences, claiming there was insufficient evidence to support the guilty verdicts and counsel provided ineffective assistance. **AFFIRMED.**

Jesse A. Macro Jr. of Macro & Kozlowski, L.L.P., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Jonathan Rodriguez appeals his convictions and sentences, claiming there was insufficient evidence to support the guilty verdicts and trial counsel provided ineffective assistance. He argues the State failed to prove beyond a reasonable doubt that he was the driver of the vehicle involved in a fatal collision. He further contends his trial counsel failed to object to the questioning of an officer at trial regarding the ultimate issue of the case and portions of victim impact statements requesting that maximum sentences be imposed. We affirm.

### I.    Background Facts and Proceedings

Shortly after 10:00 a.m. on August 16, 2015, a vehicle driving west on Grand Avenue near 51st Street in Des Moines struck a group of bicyclers riding in the same direction, causing several injuries to the riders and fatally injuring one rider. The driver of the vehicle did not stop to assist the injured riders and continued driving west on Grand Avenue. Other nearby bicyclists observed the collision and identified the vehicle as a white Chevrolet Equinox SUV. One witness took note of the license plate number on the vehicle, which he reported to law enforcement officials.

Based on the license plate information, law enforcement officers determined the vehicle belonged to Rodriguez's girlfriend, Adriana Cortes, and went to the couples' home to question Cortes and Rodriguez. After speaking with Cortes, the officers determined Rodriguez was the last person to drive the vehicle. The officers detained Rodriguez and transported him to the police station for further questioning. While there, Rodriguez failed the administered standard field sobriety tests. Rodriguez refused a preliminary breath test. An

officer then placed Rodriguez under arrest, and Rodriguez consented to the breath test, which showed a blood alcohol concentration (BAC) of .213. The officers then transported Rodriguez to a local hospital and obtained a search warrant for a body specimen, which showed a BAC of .192.

The State charged Rodriguez by trial information with one count of homicide by vehicle by operating a motor vehicle while intoxicated, in violation of Iowa Code section 707.6A(1) (2015); one count of operating a motor vehicle while under the influence of alcohol or a drug, second offense, in violation of section 321J.2; one count of leaving the scene of an accident resulting in death, in violation of sections 321.261(4) and 321.263; two counts of leaving the scene of a personal injury accident, in violation of sections 321.261(2) and 321.263; and operating a motor vehicle while barred, in violation of section 321.561.

A jury convicted Rodriguez on all counts. The court sentenced him to a total term of incarceration not to exceed thirty-four years, carrying a mandatory minimum sentence of seventy percent on the first count. Rodriguez filed a motion in arrest of judgment raising a sufficiency-of-the-evidence claim, which the district court denied. Rodriguez appeals.

## II.    Standard of Review

"We review challenges to the sufficiency of the evidence for the correction of errors at law." *State v. Lambert*, 612 N.W.2d 810, 813 (Iowa 2000). We review claims of ineffective assistance of counsel de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

### III.     Analysis

#### A.     Sufficiency of the Evidence

Rodriguez argues the State failed to prove beyond a reasonable doubt that he was the driver of the vehicle that struck the group of bicyclists, resulting in injury and death.  "A jury verdict is binding upon an appellate court if it is supported by substantial evidence."  *State v. Garr*, 461 N.W.2d 171, 173 (Iowa 1990).  "Substantial evidence is evidence that could convince a rational factfinder that a defendant is guilty beyond a reasonable doubt."  *Id.*  "Direct and circumstantial evidence are equally probative."  *Id.*

In deciding whether the evidence is sufficient to support a guilty verdict, we consider "the record evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Showens*, 845 N.W.2d 436, 439–40 (Iowa 2014) (quoting *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013)).  Witnesses to the fatal accident observed a white SUV strike the group of bicyclists shortly after 10:00 a.m. on August 16, 2015.  The license plate number of the vehicle matched the license plate number on the vehicle owned by Rodriguez's girlfriend, Cortes.  At trial, Cortes testified Rodriguez drove her vehicle—a white Chevrolet Equinox—to work on East 14th Street on the night of August 15.  Cortes testified she expected Rodriguez at home at 8:00 a.m. the following morning but he did not arrive home until around 10:00 a.m.  She further testified that, when Rodriguez arrived at home, she noticed the vehicle had been in a collision and observed damage to the passenger side of the vehicle.  Cortes also testified Rodriguez was visibly intoxicated when he came into their home that morning and she could

smell the odor of an alcoholic beverage on him. She testified that, when asked about the damage to her vehicle, Rodriguez stated he had hit a car in a parking lot. When considering these facts in the light most favorable to the State, we conclude there was sufficient evidence in the record to support Rodriguez's convictions.

### B. Ineffective Assistance of Counsel

Rodriguez argues his trial counsel rendered ineffective assistance by failing to object to the State's questioning of the investigating officer regarding whether, based on the officer's observations and the evidence of Rodriguez's BAC obtained by the blood draw, the officer believed Rodriguez was under the influence at the time the collision occurred. He claims the officer improperly expressed an opinion as to the ultimate fact of his guilt or innocence. *See State v. Oppedal*, 232 N.W.2d 517, 524 (Iowa 1975). He further claims counsel provided ineffective assistance by failing to object to portions of the victim impact statements regarding the victims' opinions as to the length or type of punishment the court should impose.

An ineffective-assistance claim may be raised and decided on direct appeal when the record is adequate to address the claim. Iowa Code § 814.7(2), (3). Generally, an ineffective-assistance claim is preserved for possible postconviction-relief proceedings where a more thorough record can be developed and counsel is given an opportunity to explain his or her conduct. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). We find the record before us is adequate to address Rodriguez's claims.

To succeed on an ineffective-assistance-of-counsel claim, Rodriguez must prove "by a preponderance of the evidence: '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Thorndike*, 860 N.W.2d at 320 (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to prove either prong is fatal to the claim. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010). In examining Rodriguez's claims, we presume counsel performed his or her duties competently. *See Thorndike*, 860 N.W.2d at 320.

The officer testified he believed Rodriguez was under the influence of alcohol on August 16, 2015. "It is well settled in this [s]tate that a lay witness may express an opinion regarding another person's sobriety, provided the witness has had an opportunity to observe the other person." *State v. Murphy*, 451 N.W.2d 154, 155 (Iowa 1990). The officer was trained to recognize when someone is under the influence of alcohol or drugs. He testified Rodriguez smelled strongly of alcohol and exhibited signs of intoxication—"his eyes appeared bloodshot and watery . . . and his speech was slurred and mumbled." The officer further testified he had Rodriguez perform standardized field sobriety tests, all three of which Rodriguez failed. "[A] witness, either lay or expert, may testify to an 'ultimate fact which the jury must determine.'" *Id.* (quoting *Grismore v. Consol. Prods. Co.*, 5 N.W.2d 646, 663 (Iowa 1942). Thus, we conclude Rodriguez's trial counsel did not breach an essential duty by not objecting to the officer's testimony.

Rodriguez next complains his trial counsel rendered ineffective assistance in failing to object to portions of the victim impact statements regarding the

victims' opinions the court should impose the maximum term of incarceration in this case. He claims these comments exceed the statutorily permitted contents of victim impact statements. *See* Iowa Code § 915.21(2).

"'Victim impact statement' means a written or oral presentation to the court by the victim or the victim's representative that indicates the physical, emotional, financial, or other effects of the offense upon the victim." *Id.* § 915.10(4). Iowa Code section 915.21(2) lists content that may be included in a victim impact statement. The last item on the list is: "Any other information related to the impact of the offense upon the victim." *Id.* § 915.21(2)(e). The transcript of the sentencing hearing reveals the victims' emotional and related responses to the death and injuries caused by Rodriguez. Some of the responses included emotional declarations of the retribution or incapacitation the victims thought would be appropriately imposed by the court. *See State v. Oliver*, 812 N.W.2d 636, 646 (Iowa 2012) (recognizing retribution and incapacitation among four legitimate penological justifications). Furthermore, our supreme court has previously allowed victim impact statements in which the victims request that the court sentence the defendant to the maximum term of incarceration permitted under the statute to be admitted. *See State v. Tesch*, 704 N.W.2d 440, 450 (Iowa 2005). Thus, we find counsel did not breach an essential duty by not objecting to these portions of the victim impact statements.

Accordingly, we affirm Rodriguez's convictions and sentences.

**AFFIRMED.**