STATE of Iowa, Appellee,

v.

William Madison HUTT, Appellant.

No. 68153.

Supreme Court of Iowa.

March 16, 1983.

Thomas J. Miller, Atty. Gen., and Steven M. Foritano, Asst. Atty. Gen., for appellee.

James B. Smith, of Shirley, Smith, Shirley & Powell, Perry, for appellant.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and CARTER, JJ.

CARTER, Justice.

The defendant appeals from his conviction following bench trial of the offense of theft in the third degree in violation of Iowa Code section 714.1(4) (1981). He contends on appeal that (1) the State's evidence was insufficient to prove a necessary element of the crime charged; (2) the trial court, acting as finder of fact, found that he had not possessed criminal intent, a finding which should have precluded the court from making a determination that defendant was guilty; and (3) Iowa Code section 714.1(4) is unconstitutionally vague in its definition of the phrase "to exercise control over" property. Because we find the second issue to be dispositive of the result, we do not consider the other issues raised.

The record in the instant case shows that on July 17, 1981, defendant, William Madison Hutt, was working at a rental property he owns in Des Moines. He was approached by two men, one of whom he knew as "JJ." "JJ" wanted to rent an apartment. "JJ" allegedly did not have enough money to rent the defendant's apartment, but nevertheless sought defendant's assistance in moving a stove and refrigerator from his present apartment. The defendant did not have time to help move the appliances, but he allowed his friend, Henry Crawford, to use defendant's truck to assist "JJ." Defendant testified that he believed that if this stove and refrigerator were removed, a rental deposit would be returned to "JJ" which would assist him in making a rental deposit on defendant's apartment.

Crawford drove to the Laurel Village apartment complex where he waited by the truck while the two men got the refrigerator and loaded it onto defendant's truck. At this time, the Laurel Village apartment manager, Katherine Sanders, drove in and saw what was happening. The two men tried to drive away in their car but she blocked the driveway with her car. At this

time, the two men fled. Katherine Sanders testified that she told Crawford that his friends had gotten him in trouble and that she had the license plate number of the pickup truck.

Crawford then apparently returned alone with the refrigerator to the apartments where defendant was working. Crawford testified at trial that he told defendant that a lady had taken the license number of the truck and that the two men who had discussed renting defendant's apartment had fled when they were stopped by this woman. Defendant had another use for the truck, and the refrigerator was unloaded in the parking lot of defendant's apartment building. A few hours later, defendant and Crawford were arrested by police. Crawford was charged with the theft of the refrigerator, in violation of section 714.1(1), while defendant was charged with exercising control over stolen property in violation of section 714.1(4). In a trial to the court, Crawford was acquitted and defendant was convicted.

Defendant contends that because the trial court, acting as the finder-of-fact, made a specific finding that defendant had no intent to commit a criminal act, such finding precludes the court's ultimate determination that defendant was guilty of theft. We set forth relevant excerpts from the trial court's findings which bear upon this claim:

The Court doesn't take the notion in this matter that Mr. Hutt had any intent to break the law, but his acts did break the law. The Court has even less feeling that Mr. Crawford intended to break the law. But his acts did break the law.

As soon as Mr. Crawford returned to the Oakland Street address and confronted Mr. Hutt, Mr. Hutt at that time reasonably became aware beyond any reasonable doubt that the property on the back of his truck driven by Mr. Crawford was no longer being shepherded by the claimed owner, JJ; was no longer being cared for by a supposed owner; had been informed that JJ and his friend had split on Mr. Crawford, that somebody had tak-

en his license number, and a reference to the police being involved. And in spite of all those facts that certainly give rise to a reasonable cause to believe that the property had been stolen, Mr. Hutt simply has the truck driven to the back of the lot, and after waiting some period of time drops off the refrigerator, makes no effort to determine from Mr. Crawford where he got it, makes no effort to correct the situation by turning the truck around and driving back to Ninth Street and determining the facts of the situation.

The issue which we must decide is whether proof that the accused has exercised control over stolen property in the face of facts which should reasonably lead him or her to believe that the property has been stolen is sufficient to sustain a conviction under subsection (4) of section 714.1, or, whether it is also a necessary element of that crime that the accused in fact believe that the property is stolen. We touched on some aspects of this question in *Eggman v. Scurr,* 311 N.W.2d 77, 79 (Iowa 1981) where we concluded that "general criminal intent is an element of *all* theft offenses [under section 714.1]."

We illustrated the foregoing observation in *Eggman* by observing:

For example, section 714.7, which does not expressly list criminal intent as an element of operating a vehicle without the owner's consent, has been interpreted to require a general criminal intent. *State v. McCormack,* 293 N.W.2d 209, 212 (Iowa 1980). Other subsections of section 714.1 on theft committed by other means also require varying degrees of intent: 714.1(1) requires intent to deprive; 714.1(3) requires deception; *714.1(4) requires knowledge;* 714.1(5) requires intent to defraud; and 714.1(6) requires knowledge.

*Id.* at 79 (emphasis added). Our comment in *Eggman* that section 714.1(4) "requires knowledge" does not indicate the extent of the knowledge which is required to sustain a conviction under subsection (4). The language of that subsection is susceptible to an interpretation which only requires knowl-

edge of facts which should cause a reasonable person to believe that the property has been stolen. If it is so interpreted, however, this would constitute a substantial departure from our prior law relating to the crime of receiving stolen property.

 In *State v. Sheffey*, 234 N.W.2d 92, 96–98 (Iowa 1975), we held that under Iowa Code section 712.1 (1975), the statute which then governed the crime arising from the type of conduct on which the present charge is predicated, it was necessary to establish that the accused actually did believe that the property was stolen. While the language of the present statute differs somewhat from the statute before the court in *Sheffey*, we nonetheless conclude that section 714.1(4) does not represent a change in the prior law with respect to the knowledge element of the crime. This interpretation is consistent with the suggestion in *Eggman* that a common pattern of "general criminal intent" is to be found throughout the various definitions of theft contained in section 714.1. It is also consistent with our statements in other cases that the 1978 revision of the criminal code was intended to be primarily a restatement of the prior law. *E.g.*, *State v. Peterson*, 327 N.W.2d 735, 738 (Iowa 1982); *State v. LeFlore*, 308 N.W.2d 39, 41 (Iowa 1981); *State v. Johnson*, 291 N.W.2d 6, 10 (Iowa 1980).

 Given our interpretation of section 714.1(4), we believe that the trial court's finding that defendant had no intent to break the law is inconsistent with belief by defendant that the property was stolen. We conclude that defendant is entitled to acquittal. The judgment from which appeal has been taken is reversed, and the cause remanded for entry of judgment of acquittal.

REVERSED AND REMANDED.