**STATE of Iowa, Appellee,**

v.

**Marvin SELESTAN, Appellant.**

No. 92–1351.

Court of Appeals of Iowa.

Feb. 25, 1994.

Linda Del Gallo, State Appellate Defender, and Patricia J. Cone–Fisher, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., J. Patrick White, County Atty., and Kelly G. Raines, Asst. County Atty., for appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

OXBERGER, Chief Judge.

On September 9, 1991, at about 11:30 p.m., police officers Vernon Coates and Tony Noble received a report that a group of individuals were buying or selling radar detectors from a black Isuzu pickup truck near the Lakeside Manor Apartments in Iowa City. The officers went to the apartments and saw three men near a car in the parking lot. The men were Darnell Melvin, Virgil Owens and defendant Marvin Selestan. The officers questioned the men about whether they had seen anyone selling radar detectors or a black Isuzu truck. The men responded they had no knowledge of radar detectors or a black Isuzu truck.

While questioning the men, Officer Coates noticed a radar detector sitting on the seat of the car. Owens stated he had purchased the radar detector at Jack's Discount Store. The officers noticed that the serial number had been removed from the radar detector. Officer Coates took Owens aside, and Owens then admitted he had not purchased the radar detector.

When Officer Coates returned to the other men he stated he would find out who owned the black Isuzu. Selestan then stated that he owned a black Isuzu pickup. The officers accompanied Selestan to his truck, which was about a block away. Selestan removed a radar detector, bearing serial number 140917, from the truck. This radar detector had been reported stolen from Jack's Discount Store about one week before and sold for $179. Selestan stated he had purchased the item for $60 from a white male.

When asked if he had any more radar detectors, Selestan stated he had another in his apartment. He then turned over a radar detector from which the serial number had been removed. The police officers left with the three radar detectors.

On November 8, 1991, the State charged Selestan with theft by possession of stolen property, in violation of Iowa Code section 714.1(4) (1991). Selestan was tried before a jury. The jury found him guilty of theft and found the amount of the property was more than $50 but not more than $100. The district court denied Selestan's posttrial motions. The court concluded defendant was guilty of theft in the fourth degree and sentenced him to serve two days in the Johnson County jail. Selestan has appealed.

■ I. Defendant contends jury instruction No. 14 was improper because it allowed the jury to presume he knew he possessed stolen property. The instruction in question provided:

If the State has proved each of the following facts, then you may conclude the defendant knew or believed the property had been stolen:

1. The property found in the defendant's possession was stolen property.

2. It is not enough that you find a reasonable person would believe that the property was stolen, you must find that the defendant knew sufficient facts and circumstances to satisfy him the radar detectors were stolen.

The trial court's decision on instructions will not be disturbed absent an abuse of discretion. *State v. Cunningham,* 463 N.W.2d 887, 889 (Iowa App.1990). We will not find an abuse of discretion unless such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* The burden of proving abuse of discretion lies with the defendant. *Id.*

The Iowa Supreme Court, in considering this same issue in light of an earlier statute similar to section 714.1(4), determined that a conviction under the statute required only a showing that facts and circumstances known to defendant were sufficient to satisfy him or cause him to believe the goods were stolen. *State v. Sheffey,* 234 N.W.2d 92, 97 (Iowa 1975). This rule has since been applied to section 714.1(4). *State v. Hutt,* 330 N.W.2d 788, 790 (Iowa 1983).

Jury instruction No. 14 correctly reflected the law in Iowa. We find no abuse of discretion by the district court in giving this instruction.

**II.** Defendant claims the district court should have directed a verdict for acquittal because there was not substantial evidence to prove he knew the radar detectors were stolen. Section 714.1(4) provides that a person commits theft when he or she exercises control over stolen property, knowing such property has been stolen or having reasonable cause to believe such property has been stolen.

■ When a criminal defendant challenges the sufficiency of the evidence to support a conviction, we review all the evidence in the record in a light most favorable to the State. *State v. Garr,* 461 N.W.2d 171, 173 (Iowa 1990). The jury's verdict is binding on us if supported by substantial evidence. *Id.* Substantial evidence means evidence which could convince a reasonable finder of fact of the fact in issue. *State v. Frake,* 450 N.W.2d 817, 818 (Iowa 1990). Direct and circumstantial evidence are equally probative. *Garr,* 461 N.W.2d at 173.

■ We first note that a defendant's unexplained possession of recently stolen property justifies an inference he illegally received it. *State v. Jones,* 289 N.W.2d 597, 600 (Iowa 1980). Although defendant attempted to explain his possession of the stolen radar detector by stating that he purchased it for $60 from an unknown man, his explanation presented a credibility question peculiarly within the province of the jury. *See Sheffey,* 234 N.W.2d at 97. The jury was not required to accept defendant's version of the facts. *State v. Trammell,* 458 N.W.2d 862, 863 (Iowa App.1990).

The jury could have found defendant's possession of the recently stolen radar detector was unexplained and thereby inferred he illegally received it. Also relevant to the issue of knowledge is the fact that when first questioned by police officers defendant denied any knowledge of radar detectors or a black Isuzu pickup, although he actually had possession of both. Additionally relevant was defendant's possession of a different radar

detector from which the serial number had been removed. We find there is substantial evidence in the record to support defendant's conviction.

**III.** Finally, defendant contends the district court should not have entered judgment for theft in the fourth degree, but should have entered judgment for theft in the fifth degree. Effective July 1, 1992, section 714.2, defining the various degrees of theft, was amended. Under the old statute, theft of more than $50 but not more than $100 was considered fourth degree theft and was a serious misdemeanor. Under the amended statute, theft of not more than $100 is considered fifth degree theft and is a simple misdemeanor. Defendant's judgment and sentence were entered on July 31, 1992.

Section 4.13(4), in pertinent part, provides:

> If the penalty, forfeiture, or punishment for any offense is reduced by a re-enactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment if not already imposed shall be imposed according to the the statute as amended.

Penal statutes are strictly construed and an ameliorative change should be extended to every case in which it properly can apply. *State v. Wiese,* 201 N.W.2d 734, 737 (Iowa 1972).

We determine defendant should have been sentenced pursuant to the amended statute. The jury found the value of stolen property in defendant's possession was more than $50 but less than $100. Under the amended statute theft of less than $100 is considered theft in the fifth degree. Therefore, the judgment and sentence for defendant should have been for theft in the fifth degree.

We determine this case should be remanded to the district court with orders to enter judgment against defendant for theft in the fifth degree and for the court to impose a sentence in accordance with the judgment.

**REVERSED AND REMANDED FOR RESENTENCING.**