**STATE of Iowa, Appellee,**

v.

**Bobby Arnell BUSH, Appellant.**

No. 93–1047.

Supreme Court of Iowa.

June 22, 1994.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and D. Raymond Walton, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

LAVORATO, Justice.

A jury convicted the defendant, Bobby Arnell Bush, of several criminal offenses, one of which was terrorism. *See* Iowa Code § 708.6 (1991). In his appeal from the terrorism conviction, Bobby contends there was insufficient evidence to establish that he had discharged his weapon "within an assembly of people" as section 708.6 requires. Viewing the evidence in the light most favorable to the State, we disagree and affirm.

A friend and co-worker of Bobby threw a birthday party to celebrate Bobby's twenty-sixth birthday. The party was held in the basement of the friend's home. One of those in attendance was Bobby's girlfriend of two months, Melody Ann Bonefas. Several girlfriends of Melody's teen-age daughter accompanied Melody to the party. They included Sarah Gruber, Lacreacia Weber, Heather Oberle, Tenisha Shorter, and Angela Stewart. Between twenty and thirty people attended the party.

Melody and her group arrived at the party around 11:00 p.m. By this time Bobby was drunk. About 1:00 a.m., Melody decided to leave. As she was leaving the basement, Bobby grabbed her and asked her to stay. She refused and went upstairs for her coat. Bobby followed and asked her to step into a bedroom to talk. There the couple began to quarrel. The quarrel erupted into a physical confrontation in which Bobby repeatedly punched Melody in the face. When Heather tried to intervene, Bobby hit her in the mouth. Melody eventually broke free and retreated into a bathroom.

Bobby left the bedroom and returned with a handgun. He kicked at the bathroom door, demanding that Melody come out. By now

the majority of guests had come upstairs to see what the commotion was all about.

At this point someone screamed that Bobby had a gun. Several of the guests ran outside, including Melody and several of the girls who had attended the party with Melody. Bobby also ran out of the house, stopping somewhere in the front yard.

It is undisputed that Bobby then fired a single shot. The testimony as to how he did so is conflicting. Heather testified that Bobby shot the gun straight into the air. Lacreacia testified that she thought Bobby had pointed the gun at her and Heather. Tenisha testified that Bobby had shot the gun at Heather alone.

At the time Bobby fired the shot, one group of guests was about fifteen to twenty feet behind him. Melody was somewhere in front of him. The girls were scattered at various points on or close to the property. No one was injured by the shot.

At trial Bobby moved for judgment of acquittal at the close of the State's case and again at the close of all the evidence. The district court overruled the motions and the jury convicted Bobby of terrorism and three other offenses.

■ As he did in his motions for judgment of acquittal, Bobby argues here that the evidence was not sufficient to convict him of terrorism. Specifically, he contends that he was not "within an assembly of people" when he fired the handgun, as the offense of terrorism requires. Bobby steadfastly argues that it was impossible for him to meet this statutory requirement because at the time he discharged the weapon he was isolated.

■ The jury's finding of guilt is binding upon us unless we conclude the record lacks substantial evidence to support such a finding. *State v. Taft*, 506 N.W.2d 757, 762 (Iowa 1993). In making this determination, we review the record in the light most favorable to the State. *Id.* Evidence is substantial in a criminal case if it could convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *State v. Torres*, 495 N.W.2d 678, 681 (Iowa 1993).

A person commits terrorism under Iowa Code section 708.6 when

> the person, with the intent to injure or provoke fear or anger in another, shoots ... a dangerous weapon ... *within an assembly of people,* and thereby places the ... people in reasonable apprehension of serious injury....

(Emphasis added.)

Because the legislature did not define "within an assembly of people," we believe it intended the phrase to have its common and ordinary meaning. *State v. Hennenfent,* 490 N.W.2d 299, 300 (Iowa 1992). In interpreting undefined statutory language, we—as did the jury—give this phrase its common and ordinary meaning. According to Black's Law Dictionary, "within" means "into" or "through." Black's Law Dictionary 1602 (6th ed. 1990). "Assembly" is defined as "[t]he concourse or meeting together of a considerable number of persons at the same place." *Id.* at 115. Black's goes on to say that a "considerable" number of persons "does not necessarily mean a very great or any particular number of persons; the term 'considerable' being merely relative." *Id.* at 306.

We believe a reasonable, common, and ordinary definition of "within an assembly of people" under the Black's interpretation is "into or through two or more persons at the same place."

In applying this definition, we view the evidence in the light most favorable to the State. Under this definition the facts clearly reveal that Bobby—when he fired the single shot—was not isolated nor off by himself. Melody testified she was somewhere in front of him. Two of the girls testified they were crouched behind a car near him. One of the girls testified that a group of approximately ten guests was behind him. All of these people were no more than fifteen to twenty feet from Bobby.

So from this evidence the jury could reasonably find that Bobby was within a ring of people when he fired the shot and that these people were within range of the handgun. Though the evidence is conflicting, the jury could also reasonably find that Bobby fired the shot *through* this ring of people, thereby subjecting them to the obvious risk of severe injury or even death. From these findings, the jury could easily infer that Bobby fired his gun "within an assembly of people" under section 708.6.

**AFFIRMED.**