STATE of Iowa, Appellee,

v.

**Daniel Ray STEPHEN, Appellant.**

No. 94–0969.

Court of Appeals of Iowa.

June 27, 1995.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General; Mary Tabor, Assistant Attorney General; John P. Sarcone, County Attorney; and James Ward, Assistant County Attorney, for appellee.

Considered by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

DONIELSON, Chief Judge.

The defendant, Daniel Stephen, appeals his conviction for second-degree theft in violation of Iowa Code sections 714.1(4) and 714.2(2).

He argues there was insufficient evidence to support the conviction. We affirm.

On May 19, 1992, several commercial lawn mower were stolen from a business which sold commercial turf equipment. In April 1993, the police were informed the defendant had contacted the owner of a landscaping business in an attempt to sell a mower. In subsequent phone conversations and meetings with an undercover deputy, the defendant discussed the possible sale of the mower.

The mower was kept in a locked shed on the property of Mr. Gary White, a person who was initially a codefendant in this case. The serial number on the mower matched that of one of the mowers stolen in May 1992. The defendant informed the undercover deputy the mower was "basically brand new" and Mr. White had possessed it for over a year. The defendant told the deputy he had called around to find out the value of the mower and knew it was worth at least $3,000. However, the defendant indicated "they" were willing to sell it for $1,500.

When asked whether the mower was "hot," the defendant did not confirm or deny whether it was stolen. He did state, "Myself, I don't steal or nothing. I don't know if they do or the friends they got do." After he was arrested, the defendant told officers he knew White had stolen items from airport shipments.

A jury's finding of guilt is binding upon this court unless we conclude the record lacks substantial evidence to support such a finding. *State v. Bush,* 518 N.W.2d 778, 779 (Iowa 1994). In making this determination, we review the record in the light most favorable to the State. *Id.* Evidence is substantial in a criminal case if it could convince a rational fact finder the defendant is guilty beyond a reasonable doubt. *Id.* Direct and circumstantial evidence are equally probative. *State v. Selestan,* 515 N.W.2d 356, 358 (Iowa App.1994).

The defendant had moved for a judgment of acquittal on the basis the evidence was insufficient to establish the element of knowledge. Section 714.1(4) requires proof

that a defendant actually believed the property was stolen. *See State v. McVey,* 376 N.W.2d 585, 586 (Iowa 1985); *State v. Hutt,* 330 N.W.2d 788, 790 (Iowa 1983). A conviction under section 714.1(4) requires "only a showing that facts and circumstances known to defendant were sufficient to satisfy him or cause him to believe the goods were stolen." *Selestan,* 515 N.W.2d at 358.

■ The record contains substantial evidence to support a finding the defendant knew the mower was stolen. Knowledge can be inferred from a defendant's unexplained possession of an item that was recently stolen. *See id.* The characterization of an item as "recently stolen"

> is not necessarily measured by the number of hours or days or weeks involved. The nature of the articles, and the circumstances of the case are pertinent elements. The length of time is a question to be considered by the jury together with all other factors in the case. As to the character of the stolen goods it depends to some extent on whether they are readily and easily transferable; light or heavy; easy or hard to identify.

*State v. Brightman,* 252 Iowa 1278, 1282–83, 110 N.W.2d 315, 317 (1961) (citations omitted).

■ In this case the stolen property was easily identifiable by its serial number and was heavy in nature and not readily transferable. The circumstances surrounding the mower were suspicious in that the defendant admitted White had possessed the mower for over a year, yet it showed no signs of use and the defendant claimed it was brand new. The defendant had told the undercover deputy of how he had resisted taking the mower to the business locations of other potential buyers interested in seeing it. From this the jury could infer the defendant feared having the mower spotted during transport or at another location. Given these facts, knowledge that the mower was stolen can be inferred from the defendant's unexplained possession of it.

■ Knowledge that the mower was stolen can also be inferred from the defendant's willingness to sell it for substantially less than its value. *State v. Knapp,* 426 N.W.2d 169, 175 (Iowa App.1988). The defendant had told the deputy he had called around to determine the value of the mower and was willing to sell it for half that amount. The jury could have reasonably inferred that had the defendant acquired the mower by legitimate means he would have known its value and would not have been as likely to sell it for substantially less.

■ Finally, the fact a defendant acquires property from someone he knows to have previously dealt in stolen property allows a jury to infer the defendant knew the property in question was stolen. *See State v. Winders,* 366 N.W.2d 193, 196 (Iowa App.1985). The defendant admitted to law enforcement officials he knew White had a history of stealing property from airport shipments.

There was substantial evidence in the record to support the jury's finding the defendant knew the mower was stolen. The defendant's request for a judgment of acquittal was properly denied.

**AFFIRMED.**