**IN THE COURT OF APPEALS OF IOWA**

No. 17-0993
Filed February 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DESMON RAHEEN SINER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Timothy J. Finn,

Judge.


        Desmon Siner appeals the convictions entered following his *Alford* pleas

to the charges of intimidation with a dangerous weapon and willful injury causing

serious injury.  **AFFIRMED.**



        Charles J. Kenville of Kenville Law Firm, P.C., Fort Dodge, for appellant.

        Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant

Attorney General, for appellee.



        Considered by Vogel, P.J. and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Desmon Siner appeals the convictions entered following his *Alford* pleas[1] to the charges of intimidation with a dangerous weapon and willful injury causing serious injury. He contends (1) the district court erred in accepting his pleas because they were not supported by strong evidence of actual guilt and (2) the court erred in denying his request to withdraw his pleas on the ground that they were entered involuntarily.

## I.    Background Proceedings

In early 2017, Siner and three codefendants were charged with a number of crimes: two counts of attempt to commit murder; one count of intimidation with a dangerous weapon; two counts of willful injury causing serious injury; and one count of accessory after the fact.[2]

At a subsequent pretrial conference on May 8, Siner's counsel advised the court that a plea agreement had been reached under which Siner would enter *Alford* pleas to one count of intimidation with a dangerous weapon and one count of willful injury causing serious injury in return for the State's dismissal of all other charges. Siner advised the court he agreed to the terms. Siner was advised of the penalties of each of the charges and the rights he was giving up by pleading guilty. Siner advised the court he was satisfied with his counsel's services and representation and his decision to enter the *Alford* pleas was his own voluntary

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

[2] The defendants were charged as both principals and aiders and abettors in relation to all counts.

choice. Finally, Siner agreed the minutes of testimony included a sufficient basis to find him guilty of the charges and he was receiving a benefit by entering guilty pleas. The court found the minutes of testimony provided a sufficient factual basis for both charges, accepted the pleas, and set the matter for sentencing.

On May 26, defense counsel filed a motion in arrest of judgment arguing there was insufficient evidence to find Siner committed the offenses to which he pled guilty. On June 2, Siner filed a pro se motion to withdraw his pleas in which he alleged his attorney placed him under duress and pressured him to accept the State's plea offer. At the sentencing hearing, the district court denied both motions, entered judgment, and imposed sentence. Siner appeals. Additional facts will be set forth below as are relevant to the issues raised on appeal.

## II. Standard of Review

"We review a district court's . . . denial of a motion in arrest of judgment and a motion to withdraw a plea for abuse of discretion." *State v. Smith*, 753 N.W.2d 574, 581 (Iowa 2008). "A court abuses its discretion when the grounds or reasons for the court's decision are 'clearly untenable' or when the court has exercised its discretion to an extent that is 'clearly unreasonable.'" *Lee v. State*, ___ N.W.2d ___, ___, 2018 WL 387939, at *5 (Iowa 2018) (quoting *Equity Control Assocs., Ltd. v. Root*, 638 N.W.2d 664, 674 (Iowa 2001)). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.* (quoting *Root*, 638 N.W.2d at 674). Unless the contrary is shown, it is presumed the district court's decision is correct. *Id.*

### III. Analysis

Siner argues the district court erred in accepting his plea because it was not supported by strong evidence of actual guilt. "The *Alford* plea, as it has become known, was designed to permit a defendant to make a voluntary and intelligent decision to plead guilty to a crime without admitting participation in the underlying facts which constitute the crime." *State v. Klawonn*, 609 N.W.2d 515, 520 (Iowa 2000). "This permits the defendant to avoid a full trial, placing the dispute as to the State's overwhelming evidence and the defendant's claimed innocence to be settled by a judge." *Id.* "The court must determine a guilty plea has a factual basis before it can accept it, even where the plea is under *Alford*." *Id.* at 521; *accord* Iowa R. Crim. P. 2.8(2)(b). Our supreme court has explained "an *Alford* plea is only entertained after the 'defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt."[3] *Klawonn*, 609 N.W.2d at 521 (quoting *Alford*, 400 U.S. at 37).

A factual basis exists when the record, as a whole, discloses facts to satisfy the elements of the crime. *State v. Keene*, 630 N.W.2d 579, 581 (Iowa

---

[3] Siner grasps this language and contends the "determination of a factual basis is not the same as the determination of strong evidence of guilt." He implies the supposed strong-evidence-of-actual-guilt standard, which he believes applies only to *Alford* pleas, is more demanding than the factual-basis standard, which he believes applies to admission-of-guilt-pleas, but he fails to provide us with any authority to support the implied distinction. To the contrary, the supreme court has stated "there is no material difference between a plea which includes an express admission of guilt and an *Alford* plea." *Klawonn*, 609 N.W.2d at 521; *see also State v. Rodriguez*, 804 N.W.2d 844, 849–54 (Iowa 2011) (analyzing a challenge to an *Alford* plea under a factual-basis framework); *State v. Schminkey*, 597 N.W.2d 785, 788–92 (Iowa 1999) (same); *State v. Martin*, 778 N.W.2d 201, 203–04 (Iowa Ct. App. 2009) (same); *State v. Hallock*, 765 N.W.2d 598, 603–04 (Iowa Ct. App. 2009) (same). We find no distinction between the standards to be applied to *Alford* pleas and admission-of-guilt pleas.

2001). The following facts can be gleaned from the minutes of testimony. In the early morning hours of February 19, 2017, officers of the Ames Police Department were dispatched on a report of a fight among a number of adult males. The fight was broken up prior to the arrival of officers, but some of the individuals involved were located by officers and briefly interviewed. The group of individuals officers spoke with advised the other group involved in the fight had already left. After the brief interviews, two officers decided to follow these individuals on foot. A short time later, the officers observed the group of individuals they were following approach a red, four-door Kia Optima and begin yelling at its occupants. The two individuals seated in the front and rear passenger-side seats of the Optima displayed firearms out of their windows and discharged said firearms multiple times into a crowd of people alongside the vehicle. Bystanders ran from the scene and searched for cover. In response, the two officers fired multiple rounds in the direction of the Optima. The Optima fled the scene. Several individuals sustained gunshot wounds from the shots fired from the Optima. Siner was sitting in the rear, passenger-side seat when the shots were fired from the vehicle. Several witnesses identified Siner as the passenger who fired a handgun at multiple persons, at least one of whom sustained a serious injury.

Law enforcement received information from witnesses that the shooters were students at a community college in Fort Dodge. Officers with the Fort Dodge Police Department were provided a description of the vehicle and canvassed their jurisdiction for the same. Officers found a 2013 Kia Optima near campus housing, riddled with bullet holes. The Fort Dodge Police Department

also received information from the local hospital that two males with gunshot wounds had recently been admitted as patients, later identified as Siner and one of his codefendants. Hospital surveillance footage showed the Optima pull up to the entrance of the hospital with its lights off and medical staff subsequently assisting Siner into a wheelchair from the rear, passenger-side seat of the car. Medical staff removed a bullet from Siner's buttocks.

Siner's guilty pleas were to the charges of intimidation with a dangerous weapon, in violation of Iowa Code section 708.6 (2017), and willful injury causing serious injury, in violation of section 708.4(1), both class "C" felonies. A person commits intimidation with a dangerous weapon "when the person, with the intent to injure or provoke fear or anger in another, shoots . . . or discharges a dangerous weapon . . . within an assembly of people, and thereby places the . . . people in reasonable apprehension of serious injury." Iowa Code § 708.6; *see also State v. Bush*, 518 N.W.2d 778, 780 (Iowa 1994) (interpreting the phrase "assembly of people" to mean "into or through two or more persons at the same place"). A person commits willful injury causing serious injury when the person "does an act which is not justified and which is intended to cause serious injury to another" and "the person causes serious injury to another." Iowa Code § 708.4(1).

The minutes of testimony provide strong evidence that Siner was guilty of both crimes. We therefore conclude Siner's pleas were supported by a factual basis as to both charges and find no abuse of discretion in the district court's denial of his motion in arrest of judgment.

Next, Siner argues the district court erred in denying his request to withdraw his pleas on the ground that they were entered involuntarily. Siner contends his attorney's advice shortly before his pleas caused him "emotional distress" and his attorney placed him under duress and pressured him to accept the State's plea offer. At the same time, he concedes that, at the plea hearing, he advised the court on the record that he was satisfied with his counsel's representation and advice and his decision to plead guilty was his own voluntary choice.

The court denied Siner's motion to withdraw his pleas without taking argument or evidence. Our supreme court has stated there is no need for the "trial court to afford [a defendant] a hearing on allegations which directly contradict the record, unless some minimum threshold question of credibility appears," and "bare allegations" that a defendant was induced by his attorney to plead guilty do not overcome the presumption that a colloquy in which the defendant states his decision to plead guilty is his voluntary choice "reflects the true set of facts." *State v. Boge*, 252 N.W.2d 411, 413–14 (Iowa 1972). Simply stated, Siner's bare allegations that he was pressured into pleading guilty do not overcome the presumption that his plea statements reflect the true state of facts. *See id.*; *see, e.g.*, *Wise v. State*, 708 N.W.2d 66, 70–71 (Iowa 2006); *Foster v. State*, 395 N.W.2d 637, 638 (Iowa 1986); *State v. Nosa*, 738 N.W.2d 658, 661 (Iowa Ct. App. 2007). We find no abuse of discretion in the district court's denial of Siner's motion to withdraw his pleas.

Finding no abuse of discretion in either ruling, we affirm.

**AFFIRMED.**