# IN THE COURT OF APPEALS OF IOWA

No. 18-0898
Filed June 19, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRANDON SAMUEL PROCTOR,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

Defendant appeals his convictions of first-degree theft, eluding, driving while barred, trespass, and criminal mischief. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Christopher J. Roth of Forney Roth, LLC, Omaha, Nebraska, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., May, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

Brandon Proctor appeals his convictions of first-degree theft, eluding, driving while barred, trespass, and criminal mischief. We find the district court did not err in its decision declining to give a jury instruction on operating a vehicle without the owner's consent as a lesser-included offense of first-degree theft. We conclude there is substantial evidence in the record to support Proctor's convictions of first-degree theft and eluding. We determine there is not substantial admissible evidence in the record to support Proctor's conviction of fourth-degree criminal mischief. We find Proctor has not shown he received ineffective assistance on his claim regarding a proposed jury instruction on operating a vehicle without the owner's consent as a lesser-included offense of first-degree theft. We find his claim he received ineffective assistance because defense counsel did not file a motion to suppress should be preserved for possible a postconviction-relief proceeding. We affirm Proctor's convictions of first-degree theft, eluding, driving while barred, and trespass. We reverse his conviction of fourth-degree criminal mischief and remand to the district court for a new judgment and sentencing order.

## I. Background Facts & Proceedings

On December 4, 2017, Jeff Clouse reported his white Chevy Silverado pickup had been stolen. The next day, December 5, Deputy Anthony Nai of the Black Hawk County Sheriff's Department saw the vehicle in a parking lot in Raymond, Iowa. Deputy Nai turned on his lights and siren, and the vehicle drove away, reaching speeds of eighty miles per hour in a thirty-five mile-per-hour zone. Deputy Nai pursued the pickup but lost sight of it.

Additional officers arrived at the scene to assist in the search for the vehicle. The pickup was located in a wooded area; it appeared it had been driven through a fence and struck a tree, damaging the pickup. The pickup had been abandoned. It was found on private property owned by the sheriff's department for training purposes. A fence, which separated the sheriff's department property from a residential area, was on the ground.

Officers located Proctor walking in a nearby field later that day. He stated he had been driving at a high rate of speed and hit a tree. Deputy Steven Haley took Proctor to the hospital and informed him of his *Miranda* rights on the way. Proctor told officers, "he knew that there was something up with the vehicle, but he didn't really think about it." Items belonging to Proctor, including his cell phone, were found in the vehicle. Proctor did not have a valid driver's license, as his license had been barred by the Iowa Department of Transportation.

Proctor was charged with first-degree theft, eluding, driving while barred, trespass, and fourth-degree criminal mischief. A jury found Proctor guilty of these offenses. He was given sentences of fifteen years, fifteen years, two years, one year, and one year, all to be served concurrently. Proctor now appeals his convictions.

## II.     Lesser-Included Offense

Defense counsel requested the court instruct the jury on operating a vehicle without the owner's consent, in violation of Iowa Code section 714.7 (2017), an aggravated misdemeanor, as a lesser-included offense to first-degree theft, in violation of section 714.2(1), a class "C" felony. The State resisted the defendant's request. The district court denied the proposed jury instruction on operating a

vehicle without the owner's consent as a lesser-included offense. Proctor claims the district court erred in its ruling and he was prejudiced by the court's decision.

"We review challenges to jury instructions for correction of errors at law." *State v. Albright*, 925 N.W.2d 144, 157 (Iowa 2019). "In doing so, we determine whether the challenged instruction accurately states the law and whether substantial evidence supports it." *Id.* "We are not required to reverse unless the error was prejudicial to the defendant." *Id.*

The court and the parties relied on the case of *State v. Barnes*, No. 16-0629, 2017 WL 3283282, at *9 (Iowa Ct. App. Aug. 2, 2017), which addressed the issue of whether operating a motor vehicle without the owner's consent is a lesser-included offense of theft. We found:

> We agree with the district court the offense of operating a motor vehicle without the owner's consent is not a lesser included offense of theft by exercising control over stolen property. The statutory elements for operating without owner's consent are: (1) the defendant took possession or control of an automobile belonging to another; (2) the possession or control was without the consent of the owner; and (3) the defendant did not have the intent to permanently deprive the owner thereof. *See* Iowa Code § 714.7. As noted by the State, the elements for exercising control over stolen property can be met without proving: (1) the property in question was an automobile; (2) who specifically owned the property; (3) the control over the automobile was without the owner's consent.

*Barnes*, 2017 WL 3283282, at *9.

In discussing the defense's proposed jury instruction, the prosecutor stated the State was proceeding on a theory the defendant committed theft by exercising control over stolen property, and therefore *Barnes* set out the applicable law. The district court agreed, stating, "the theft as it's charged here . . . I do not believe it's an appropriate lesser included." We find the district court did not err in its decision

declining to give a jury instruction on operating a vehicle without the owner's consent as a lesser-included offense to first-degree theft.

### III.   Sufficiency of the Evidence

Proctor claims the district court should have granted his motion for judgment of acquittal on the charge of first-degree theft. He asserts the State did not present sufficient evidence to show he knowingly exercised control over stolen property.

We review claims challenging the sufficiency of the evidence to support a conviction for the correction of errors of law. *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018). We will uphold a verdict if it is supported by substantial evidence. *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017). "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017) (citation omitted). "Direct and circumstantial evidence are equally probative." *State v. Kelso-Christy*, 911 N.W.2d 663, 668 (Iowa 2018) (citation omitted).

The State alleged Proctor committed theft, as defined by section 714.1(4), which occurs when a person "[e]xercises control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen, unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer."

When Deputy Nai pulled into the parking lot where Proctor had the pickup, Proctor drove away at a high rate of speed, rather than stop for the officer, who had his lights and siren activated. Proctor led Deputy Nai on a high-speed chase. Proctor drove off the road in an effort to avoid detection and struck a tree. Proctor

then abandoned the vehicle and left on foot to avoid the following officers. A jury may infer consciousness of guilt from a defendant's flight from officers. *See State v. Wilson*, 878 N.W.2d 203, 216 (Iowa 2016).

Additionally, Proctor told officers, "he knew that there was something up with the vehicle, but he didn't really think about it." Proctor stated he was engaged in business dealings with Quentin Neuenkirk and picked the vehicle up from him. Proctor was aware Neuenkirk sometimes had stolen property, as Proctor told Deputy Nai he was involved with Neuenkirk in the transportation of stolen property. "[A] defendant's unexplained possession of recently stolen property justifies an inference he illegally received it." *State v. Selestan*, 515 N.W.2d 356, 358 (Iowa Ct. App. 1994).

We conclude there is substantial evidence in the record to support Proctor's conviction of first-degree theft. There is sufficient evidence to show Proctor knew or reasonably should have known the pickup had been stolen. Proctor raised a related argument, stating if there was not sufficient evidence of first-degree theft, then there was not sufficient evidence to support a felony-eluding conviction. Because we find the conviction for first-degree theft is supported by the evidence, we find the evidence supports the eluding conviction as well.

### IV. Criminal Mischief

Proctor was charged with criminal mischief in the fourth degree, in violation of section 716.6. The State claimed Proctor damaged the fence between the sheriff's department training facility and a residential area. Fourth-degree criminal mischief occurs when "[t]he cost of replacing, repairing, or restoring the property that is damaged, defaced, altered, or destroyed exceeds two hundred dollars, but

does not exceed five hundred dollars." Iowa Code § 716.6(1)(a)(1). As an element of the offense, the State must present evidence to show the cost of replacing, repairing, or restoring the property is between $200 and $500. *Id.*

Proctor claims the State did not present sufficient evidence of the cost to repair the fence, as the only evidence presented on the issue was hearsay and should not have been considered. "We review the admission of evidence challenged as hearsay for the correction of errors at law." *State v. Plain*, 898 N.W.2d 801, 810 (Iowa 2017).

Detective Heather Dolan testified Deputy Rich Hoffman contacted Miller Fencing to obtain an estimate to repair the fence. The following exchange then occurred:

> Q. When you had a conversation with Deputy Hoffman about steps he had taken for replacing the fence and who he had talked to about that, was that in preparation of your testimony here today for trial? A. Yes.
> Q. So it would have been then through the course of your employment that you came—learned that information? A. Yes.
> Q. Okay, and what was the estimate that Deputy Hoffman shared with you would be the cost for replacing the materials—replacing the fence?
> Defense Counsel: Objection. Hearsay, Your Honor, foundation.
> The Court: Okay. Given the nature of the line of questioning most recently asked by [the prosecutor], I will overrule this particular objection, and you can answer the question.
> A: It was estimated at 300 dollars for materials.

In general, hearsay evidence is inadmissible. Iowa R. Evid. 5.802. The State concedes Detective Dolan's testimony was hearsay and does not come within any of the exceptions found in rule 5.803, making it inadmissible. *See State v. Rice*, 543 N.W.2d 884, 887 (Iowa 1996) ("Hearsay is generally inadmissible unless it falls within one of the enumerated exceptions set forth in the rules.").

Because there was no admissible evidence as to the cost of repairs to the fence, there is not substantial evidence in the record to support Proctor's conviction for fourth-degree criminal mischief. We reverse Proctor's conviction for criminal mischief in the fourth degree.

## V. Ineffective Assistance

Proctor claims he received ineffective assistance of counsel. We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, "a defendant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted" to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

**A.** Proctor states he received ineffective assistance because defense counsel did not object to the jury instructions on the ground they should have included an instruction for the offense of operating a vehicle without the owner's consent as a lesser-included offense to first-degree theft. The record shows defense counsel requested an instruction on operating a vehicle without the owner's consent as a lesser-included offense. We have determined the district court did not err in its decision declining to give a jury instruction on operating a vehicle without the owner's consent as a lesser-included offense to first-degree theft. We conclude Proctor has not shown he received ineffective assistance of counsel on this ground.

**B.** Proctor asserts he received ineffective assistance because defense counsel did not file a motion to suppress. He claims he was not adequately informed of his *Miranda* rights and he did not waive his rights. He states defense counsel should have sought to suppress statements he made while being transported to the hospital and at the hospital.

We address claims of ineffective assistance on direct appeal only when the record is adequate. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). If a claim of ineffective assistance of counsel cannot be addressed in a direct appeal, it should be preserved for possible postconviction-relief proceedings. *Johnson*, 784 N.W.2d at 198.

We determine the present record is not adequate to address this issue on appeal. Proctor notes the record does not show what *Miranda* rights were actually advised, whether Proctor understood his rights, or whether he waived his *Miranda* rights. We conclude the issue must be preserved for possible postconviction proceedings.

## VI. Conclusion

We find the district court did not err in its decision declining to give a jury instruction on operating a vehicle without the owner's consent as a lesser-included offense of first-degree theft. We conclude there is substantial evidence in the record to support Proctor's convictions of first-degree theft and eluding. We determine there is not substantial admissible evidence in the record to support Proctor's conviction of fourth-degree criminal mischief. We find Proctor has not

shown he received ineffective assistance on his claim regarding a proposed jury instruction on operating a vehicle without the owner's consent as a lesser-included offense of first-degree theft. We find his claim he received ineffective assistance because defense counsel did not file a motion to suppress should be preserved for possible postconviction relief.

We affirm Proctor's convictions of first-degree theft, eluding, driving while barred, and trespass. We reverse his conviction of fourth-degree criminal mischief and remand to the district court for a new judgment and sentencing order.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**