**IN THE COURT OF APPEALS OF IOWA**

No. 20-1380
Filed October 6, 2021

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**KENNETH AZURE,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.

　　　Kenneth Azure appeals his conviction for second-degree theft. **AFFIRMED.**

　　　Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

　　　Considered by Tabor, P.J., and Greer and Badding, JJ.

**BADDING, Judge.**

Kenneth Azure appeals his conviction for second-degree theft, claiming the State did not present sufficient evidence to show that he knowingly exercised control over a stolen vehicle he crashed after a high-speed chase. He also contends his trial counsel was ineffective.

**I. Background Facts and Proceedings.**

Judy Knudsen was getting ready for bed at around 11:00 p.m. when she looked out her apartment window and saw her Mitsubishi Lancer in the parking lot. When she awoke at 9:00 the next morning, the car was gone. She reported the missing vehicle to law enforcement.

Over the next two weeks, officers spotted the Lancer on four separate occasions. The first three times, the vehicle eluded pursuit. On the fourth, officers were able to apprehend the driver after he crashed into a utility pole and ran from the scene. They identified the driver as Azure.

The State charged Azure with second-degree theft in violation of Iowa Code sections 714.1(4) and 714.2(2) (2020).[1] After trial, a jury found Azure guilty as charged. The district court sentenced Azure to a five-year indeterminate term of incarceration. Azure appealed.

**II. Sufficiency of the Evidence.**

Azure first contends there is insufficient evidence to support his theft conviction. We review this claim for correction of errors at law. *See State v. Donahue*, 957 N.W.2d 1, 7 (Iowa 2021). In doing so, we view the evidence in the

---

[1] The State also charged Azure with one count of driving while his license was barred, to which Azure pled guilty.

light most favorable to the State, which includes inferences and presumptions that can be fairly and reasonably deduced from it. *See id.* We affirm if the record contains substantial evidence to support the conviction. *See id.* Evidence is substantial if it would convince a rational fact finder of the defendant's guilt beyond a reasonable doubt. *See id.* "Direct and circumstantial evidence are equally probative." *State v. Kelso-Christy*, 911 N.W.2d 663, 668 (Iowa 2018) (citation omitted).

Iowa Code section 714.1(4) defines theft as "[e]xercis[ing] control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen, unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer." The jury was instructed that to support a conviction under section 714.1(4), the evidence must show the defendant knew the property was stolen. *See State v. Hutt*, 330 N.W.2d 788, 789-90 (Iowa 1983). Azure challenges the sufficiency of the evidence supporting this element of the crime, arguing that his possession of the vehicle and flight from the police were not enough to show his guilty knowledge.

A defendant's unexplained possession of recently stolen property justifies an inference the defendant knew it was stolen. *See State v. Stephen*, 537 N.W.2d 792, 794 (Iowa Ct. App. 1995). Although Azure was found in possession of the Lancer, he claims it was not "recently" stolen because it was reported as stolen more than one week earlier. But what is considered "'recent' as applied to possession cannot be defined as any definite time" and instead depends on the circumstances of each case. *State v. Brightman*, 110 N.W.2d 315, 317 (Iowa 1961) (citation omitted). "The strength or weakness of the inference to be drawn

from possession depends on the time lapsed between the commission of the offense and possession by the accused, the nature of the property stolen, where and how taken, the manner of such possession, and other conditions disclosed." *State v. Stanton*, 154 N.W. 762, 762-63 (Iowa 1915).

Azure attempts to weaken the inference by arguing the Lancer could have been "shuffled around between several people" between the time it was reported stolen and his arrest. In support of his argument, Azure notes the vehicle was seen on three occasions before he was found in possession of it, and he was never identified as a driver or passenger on those occasions.[2] This was not fatal to the State's case considering the other circumstances surrounding Azure's possession of the vehicle. Significantly, all of the pursuits—including the last when Azure was apprehended—were in the same general neighborhood in Sioux City. And during this last pursuit, Azure appeared to recognize one of the officers who had been involved in three of the four previous pursuits. That officer testified that each time he spotted the vehicle, he was driving an unmarked white van as part of a "plain clothes unit." In the last pursuit, the officer said Azure took evasive actions in response to the movements of his unmarked van, indicating to the officer that Azure "had recognized my white van from previous encounters, and was trying to go in the opposite direction of me." From this testimony, the jury could infer Azure had been the driver during those earlier encounters.

---

[2] Azure additionally points out that "police officers testified they saw another person, a woman, with the vehicle" when it was spotted before his arrest. But the record shows that officers actually saw three individuals with the vehicle during two of the chases—a woman and two men.

In addition to Azure's possession of the Lancer, his attempt to elude law enforcement on the day of his arrest provides an inference of knowledge that he was in possession of stolen property.  *See State v. Wilson*, 878 N.W.2d 203, 211, 215 (Iowa 2016) (noting "that the act of avoiding law enforcement after a crime has been committed may constitute circumstantial evidence of consciousness of guilt" and the weight and relevance of that evidence is for the jury to decide).  In *State v. Proctor*, No. 18-0898, 2019 WL 2524268, at *3 (Iowa Ct. App. June 19, 2019), we held similar evasive conduct was sufficient evidence that a defendant knew the vehicle he was driving was stolen.  Here, the inference is even stronger given that Azure was arrested during the fourth occasion in which the vehicle attempted to avoid law enforcement.  Azure attempts to counter this, arguing he was "simply avoiding police, potentially for other reasons not associated with the stolen vehicle."  The State, however, "was not required to refute every possible inference from the evidence."  *State v. Ernst*, 954 N.W.2d 50, 57 (Iowa 2021).  And the jury was free to reject certain evidence and credit other evidence.  *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

Viewing the evidence in the light most favorable to the State, there is sufficient evidence from which the jury could find Azure knew the Lancer was stolen.

### III. Ineffective Assistance of Counsel.

Azure next contends his trial counsel was ineffective by failing to object to the three instances of eluding in the Lancer before his arrest as evidence of prior bad acts.  Effective July 1, 2019, the legislature modified Iowa law to eliminate a defendant's ability to pursue a claim of ineffective assistance of counsel on direct

appeal from a criminal conviction. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2020)). Because Azure appealed after the amendment took effect, we cannot decide his ineffective-assistance claim. *See* Iowa Code § 814.7 (stating ineffective-assistance claims "shall not be decided on direct appeal"); *accord State v. Warren*, 955 N.W.2d 848, 856 (Iowa 2021) (limiting consideration of ineffective-assistance claims to direct appeals pending on July 1, 2019). Azure may raise this claim in a postconviction-relief proceeding. *See* Iowa Code § 814.7 ("An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822.").

In the alternative, Azure asks us to adopt the plain error rule. Because our supreme court has repeatedly rejected adopting a plain error review, *see State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021), we decline to accept his invitation.

**AFFIRMED.**