# IN THE COURT OF APPEALS OF IOWA

No. 20-1352
Filed January 12, 2022


**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**LATRICE D. SAUNDERS,**
       Defendant-Appellant.
_____


Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.


Latrice Saunders appeals following her conviction for fourth-degree criminal mischief. **CONVICTION CONDITIONALLY AFFIRMED, SENTENCE VACATED, AND REMANDED FOR FURTHER PROCEEDINGS.**


Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


Considered by Greer, P.J., Badding, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**GAMBLE, Senior Judge.**

Latrice Saunders appeals following her conviction and sentence for fourth-degree criminal mischief in violation of Iowa Code section 716.6(1) (2019). On appeal, Saunders claims she is entitled to resentencing due to a statutory amendment and the district court did not properly consider her motion for new trial. We conditionally affirm Saunders's conviction, vacate her sentence, and remand for further proceedings consistent with this opinion.

## I. Sentencing

The State concedes Saunders is entitled to resentencing. Iowa Code section 4.13 provides, "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment if not already imposed shall be imposed according to the statute as amended." So a defendant who has yet to be sentenced should be sentenced in accordance with an amended statute if it would be beneficial to the defendant. *State v. Selstan*, 515 N.W.2d 356, 359 (Iowa 1994). However, even though section 4.13 "gives the defendant the benefit of a more lenient sentence; it does not require that the characterization of the crime of which [the defendant] is convicted be changed." *State v. Chrisman*, 514 N.W.2d 57, 63 (Iowa 1994).

After Saunders committed her offense but prior to her sentencing, the legislature amended Iowa Code section 716.6(1) to increase the range of "the cost of replacing, repairing, or restoring the property that is damaged, defaced, altered, or destroyed" required for fourth-degree criminal mischief from between $200 and $500 to $300 and $750. *See* 2019 Iowa Acts ch. 140, § 21 (codified at Iowa Code § 716.6(a)(1) (Supp. 2019)). So offenses that resulted in damages between $200

and $300 that were previously considered to be a serious misdemeanor instead became simple misdemeanors following the change in law. *See* Iowa Code § 716.6(2) ("All criminal mischief which is not criminal mischief in the first degree, second degree, third degree, or fourth degree is criminal mischief in the fifth degree. Criminal mischief in the fifth degree is a simple misdemeanor.").

The jury completed an interrogatory determining "[t]he cost of repair or replacement is more than $200 but no more than $500." So according to the interrogatory, the cost of the damage caused by Saunders could have been less than that required for fourth-degree criminal mischief ($300) under the amended statute. Because the jury's interrogatory leaves open the possibility that the damage caused did not reach the threshold value for fourth-degree criminal mischief, Saunders is entitled to remand to receive the benefit of sentencing for a simple misdemeanor. However, she will remain convicted of fourth-degree criminal mischief, a serious misdemeanor. *See Chrisman*, 514 N.W.2d at 63.

## II. Motion for New Trial

Next, we consider Saunders's contention that the district court did not apply the weight-of-the-evidence standard "and independently consider the credibility of the evidence when ruling upon" the motion for new trial. When reviewing rulings on motions for new trial, we recognize "[t]rial courts have wide discretion in deciding motions for new trial." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). But when considering whether the district applied the correct standard, our review is for correction of errors at law. *State v. Wells*, 738 N.W.2d 214, 218 (Iowa 2007); *see also* Iowa R. App. P. 6.907.

"Iowa Rule of Criminal Procedure 2.24(2)(b)(6) permits a district court to grant a motion for new trial when a verdict is contrary to the weight of the evidence." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). "The weight-of-the-evidence standard requires the district court to consider whether more 'credible evidence' supports the verdict rendered than supports the alternative verdict." *Id.* (citation omitted). "This standard differs from the sufficiency-of-the-evidence [standard] because it 'requires the district court to independently "weigh the evidence and consider the credibility of witnesses."'" *State v. Hellman*, No. 18-1179, 2020 WL 110283, at *2 (Iowa Ct. App. Jan. 9, 2020) (quoting *State v. Walden*, No. 18-0209, 2019 WL 6358300, at *9 (Iowa Ct. App. Nov. 27, 2019)). When applying the weight-of-the-evidence standard, the district court serves as "an independent trier of fact." *State v. Fister*, No. 15-1542, 2016 WL 6636688, at *6 (Iowa Ct. App. Nov. 9, 2016). "The district court errs by failing to 'engage in any independent evaluation of the evidence or make any credibility determinations of the witnesses.'" *Id.* (quoting *State v. Scalise*, 660 N.W.2d 58, 66 (Iowa 2003)).

When ruling on Saunders's motions in arrest of judgment and for new trial, the court denied the motions, stating:

> Well, again, I think, you know, the evidence in the case came down to the—the victim testifying that Ms. Saunders is the person that was responsible for kicking in the door. Again, the door had damage. That was fairly clear and the damage was—
> DEFENDANT: (Unintelligible.)
> THE COURT:—consistent—just—
> —consistent with somebody doing something intentionally. It wasn't an accidental damage to the door. The victim identified Ms. Saunders as the person who did it.
> So, again, *I think looking at the evidence that was presented, there was sufficient evidence to allow the matter to go to the jury. I think the jury's verdict was supported by the evidence.*

      So the court will deny the defendant's motion for a new trial and the defendant's motion in arrest of judgment.

(Emphasis added.)

Saunders claims the district court "did not apply the appropriate weight-of-the-evidence standard in ruling upon [her] motion" and "did not conduct an independent evaluation of the credibility of the evidence or witnesses." We agree with Saunders that the district court did not apply the correct standard.

At no point in its ruling did the court reference the weight-of-the-evidence standard and instead determined "there was sufficient evidence to allow the matter to go to the jury."[1] The court went on to state, "I think the jury's verdict was supported by the evidence." But an independent weighing of the evidence was crucial in this case because it essentially came down to whether the complaining witness or Saunders was telling the truth. *See Hellman*, 2020 WL 110283, at *2 ("The district court must become 'an independent trier of fact. And '[t]he district court errs by failing to "engage in any independent evaluation of the evidence or make any credibility determinations of the witnesses."'" (alteration in original) (citations omitted)); *see also State v. Reeves*, 670 N.W.2d 199, 207 (Iowa 2003) ("But credibility of the witnesses is key in a weight-of-the-evidence determination. . . . This is not one of those cases where the jury believe one of two people in arriving at a verdict."). In this case, the jury had to believe either the complaining witness or Saunders. The complaining witness testified the two argued and then Saunders kicked the door in. Saunders instead claimed the

---

[1] We recognize the sufficiency of the evidence was relevant to Saunders's motion in arrest of judgment, which the court addressed at the same time.

complaining witness "kind of nipped [her] shoe as he was slamming the door trying to call [her] a B word" and denied ever kicking the door. In the absence of any reference to the weight-of-the-evidence standard and indicia the court independently weighed the evidence, we interpret the court's statements to imply it incorrectly applied the sufficiency-of-the-evidence standard.

We recognize a recent opinion of this court affirmed the denial of a motion for new trial even when "the district court did not specifically state that it had weighed the evidence or made its own credibility determinations." *State v. Humphrey*, No. 19-1453, 2021 WL 4889580, at *3 (Iowa Ct. App. Oct. 20, 2021). But in *Humphrey* the district court "clarified on the record that it was using a weight-of-the-evidence standard in ruling on the motion for new trial. And in its written ruling, the court correctly cited the weight-of-the-evidence standard for the motion for new trial, noting there is no presumption favoring one side." *Id.* Nothing similar occurred here—the district court never made any mention of the weight of the evidence. So we are left to assume the court applied the incorrect standard to the motion for new trial.

We also recognize this is not an instance where the court provided no explanation at all for denying the motion for new trial, leaving open the possibility the court applied the correct standard and permitting us to review the record to confirm the weight of the evidence supported the district court's ruling. *See State v. Maxwell*, 743 N.W.2d 185, 192–93 (Iowa 2018); *see also State v. Barrett*, No. 17-1814, 2018 WL 6132275, at *5 (Iowa Ct. App. Nov. 21, 2018). Instead, the district court discussed the evidence to determine there was sufficient evidence to

go to the jury and agreed the evidence supported the verdict. Far from being silent, the court's statements harken to the sufficiency-of-the-evidence standard.

So we think it best to conditionally affirm Saunders's conviction but vacate the district court's ruling on the motion for new trial and remand the case for the district court to apply the weight-of-the-evidence standard. If, after applying the correct standard, the district court determines the motion for new trial should be overruled, then judgment should be affirmed and Saunders should be resentenced as discussed above. *See Fister*, 2016 WL 6636688, at *7. Conversely, if the district court grants the motion, the judgment and sentence shall be vacated and a new trial granted. *Id.* We express no opinion as to whether the verdict is supported by the weight of the evidence. *Id.*

### III. Conclusion

The district court did not apply the correct standard when considering the motion for new trial, so we vacate the ruling and remand for application of the correct standard. If, after applying the correct standard, the district court determines the motion for new trial should be overruled, then judgment should be affirmed and Saunders should be resentenced as though guilty of a simple misdemeanor. Conversely, if the district court grants the motion for new trial, the judgment and sentence shall be vacated and a new trial granted. We express no opinion as to whether the verdict is supported by the weight of the evidence.

**CONVICTION CONDITIONALLY AFFIRMED, SENTENCE VACATED, AND REMANDED FOR FURTHER PROCEEDINGS.**